1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL S. BAREFIELD, SR.,              No.  2:19-cv-0072 AC P

12                    Plaintiff,

13        v.                                  ORDER and

14    KATHRYN GONZALEZ, et al.,               FINDINGS AND RECOMMENDATIONS

15                    Defendants.

16

17        I.      Introduction

18            Plaintiff is a state prisoner at the Sacramento County Jail, proceeding pro se with a

19    complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis

20    filed pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned

21    Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  See

22    ECF No. 6.  For the reasons that follow, plaintiff's request to proceed in forma pauperis is

23    granted; his complaint is dismissed with leave to file a First Amended Complaint; his motion for

24    discovery is denied as premature; and the undersigned recommends to the district judge the

25    dismissal of several defendants.

26        II.     In Forma Pauperis Application

27            Plaintiff has submitted an affidavit and prison trust account statement that make the

28    showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff's request to proceed in forma

1  pauperis will be granted.  See ECF No. 6.[1]

2      Plaintiff must still pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

3  1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

4  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

5  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

6  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

7  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

8  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

9  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

10  1915(b)(2).

11      III.    Screening of Plaintiff's First Amended Complaint

12          A.    Legal Standards for Screening Prisoner Civil Rights Complaints

13      The court is required to screen complaints brought by prisoners seeking relief against a

14  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

15  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

16  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

17  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

18  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

19  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

20  1984).

21      Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement

22  of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

23  notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.

24  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

26  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

27

28  [1]  Plaintiff's first request to proceed in forma pauperis, ECF No. 2, was incomplete and is
therefore disregarded.

2

1  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to

2  state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

3  claim to relief that is plausible on its face.'"  Iqbal at 678 (quoting Twombly at 570).  "A claim

4  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged.

6      "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

7  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

8  lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

9  106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be

10  so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the

11  deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

12  cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

13                    B.      Plaintiff's Allegations

14      Plaintiff appears to be a pretrial detainee.  His complaint attempts to state two Fourteenth

15  Amendment claims (with additional citations to the Fifth and Eighth Amendments) premised on

16  the alleged deliberate indifference to his serious medical needs.  Plaintiff states that he did not

17  administratively exhaust either claim, explaining, "My time to appeal had lapsed before I received

18  my grievance back."  ECF No. 1 at 4, 5.

19      In his first claim, plaintiff alleges that an unnamed Superior Court judge ordered that

20  plaintiff be seen by jail medical staff by July 13, 2018, but plaintiff was not seen by that date.

21  ECF No.1 at 4.  At plaintiff's bail reduction hearing on July 17, 2018, defendant Sacramento

22  County Deputy District Attorney Kelly Clark told the judge that plaintiff had a medical

23  appointment scheduled for July 19, 2018.  Plaintiff's motion for bail reduction was denied and

24  plaintiff was not seen by medical on July 19, 2018.  Plaintiff describes his resulting injury as

25  follows: "I have been waiting for medical to treat my health issue and am stressed and depressed

26  that I may never be the same."  Id.

27      In his second claim, plaintiff alleges that he is prescribed "9 different medications 2x a

28  day" that cause him dizziness, heart fluttering and "blood in my throat."  Id. at 5.  Plaintiff states:

"I have asked to have the surgery to protect my prostate problem rather than continue to take multiple meds.  Also, 1 of the meds I have been prescribed and forced to take is over the amount the maker of the prescription allows (Tamsulosin)."  Id. (with minor edits).  Plaintiff further states: "I am scared I might die being over medicated.  Also I was never told of the side effects of any medication so I have no clue what it is doing to my body."  Id.

The only defendant identified in these allegations is Kelly Clark.  The complaint lists the following additional defendants:  Sacramento County District Attorney Anne Marie Shubert; Correctional Health Services (CHS) Patient Grievance Coordinator Kathryn Gonzalez, LVN; CHS Nurse Case Manager Nancy Galliger; Sacramento County Sheriff Scott Jones; the Sacramento County Sheriff's Department; the Sacramento County Sheriff's Department Correctional Health Services; and Does 1-25 inclusive.  ECF No. 1 at 1-3.

Plaintiff seeks "[m]onetary compensation for punitive and compensatory damages in the amount of $3 million dollars."  Id. at 6.

C.      Analysis

1.      Failure to Administratively Exhaust Inmate Appeals

It is clear from the face of the complaint that plaintiff failed to exhaust his administrative remedies before commencing this action.  The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*."  42 U.S.C. § 1997e(a) (emphasis added).  The Supreme Court has established the guidelines for assessing whether a prisoner's administrative remedies were unavailable.  "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  Ross v. Blake, 136 S. Ct. 1850, 1859 (June 6, 2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).  There are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief."  Ross, 136 S. Ct. at 1859.  These circumstances are as follows:  (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any

relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Id. at 1859-60 (citations and internal punctuation omitted).  Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account."  Id. at 1856-57.

Pursuant to these legal standards, plaintiff's concession that he did not exhaust his administrative remedies requires dismissal of this action unless, in an amended complaint, he can plausibly demonstrate that administrative remedies were effectively unavailable to him.[2] Therefore, plaintiff will be accorded leave to file an amended complaint that demonstrates his failure to exhaust meets one of the exceptions identified in Ross.

2.    Dismissal of Defendants and Requirement of Linkage

Both Sacramento County District Attorney Anne Marie Shubert and Sacramento County Deputy District Attorney Kelly Clark are immune from a Section 1983 suit for damages.  "A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'"  Bream v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  Plaintiff makes no allegations against either defendant that are outside the scope of these official responsibilities.  For this reason, defendants Shubert and Clark should be dismissed from this action without leave to amend.

Plaintiff's putative claims against Sacramento County Sheriff Scott Jones, the Sacramento County Sheriff's Department, and the Sacramento County Sheriff's Department Correctional Health Services (CHS) are duplicative.  "A suit . . . against a governmental officer in his official

---

[2]  Although dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment, there is an exception "[i]n the rare event that a failure to exhaust is clear on the face of the complaint[.]" Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014); see also Jones v. Bock, 549 U.S. 199, 215 (2007).

capacity is equivalent to a suit against the governmental entity itself." <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1126 (9th Cir. 2001). Plaintiff's putative claims against the Sheriff in his official capacity are the same as his claims against both the Sacramento County Sheriff's Department and the Department's CHS. Moreover, none of these defendants is distinct from Sacramento County itself which, under appropriate circumstances, would be the only appropriate defendant. However, local governmental entities may be sued as a "person" under Section 1983 only if the challenged conduct reflects a policy, practice or custom of the entity. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978).

Because plaintiff's allegations are limited to his personal medical care, the court finds no reasonable basis to authorize amendment of the complaint for the purpose of challenging such treatment based on an allegedly unconstitutional County policy, practice or custom. Therefore, defendant Sacramento County (and putative defendants Sacramento County Sheriff Scott Jones, the Sacramento County Sheriff's Department, and the Sacramento County Sheriff's Department Correctional Health Services (CHS)) should all be dismissed from this action without leave to amend.

The court further notes that the inclusion of "Doe" defendants is not favored in the Ninth Circuit. <u>See</u> <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). The defendants "Does 1-25 Inclusive" identified in the instant complaint include no specific charging allegations and therefore no cognizable claim. Should plaintiff later identify a Doe defendant against whom he can allege a cognizable claim, he may seek leave of court to add the named defendant in an amended complaint. <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003). However, at the present time, putative defendants "Does 1-25" should be dismissed with leave to amend.

The only remaining defendants identified in the complaint are CHS Patient Grievance Coordinator Kathryn Gonzalez, and CHS Nurse Case Manager Nancy Galliger. However, the complaint makes no specific allegations against either defendant. Should plaintiff choose to file an amended complaint, he must "link" or "connect" the specifically challenged conduct of either or both of these defendants with the legal standards set forth below for stating a cognizable

deliberate indifference claim.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (Citations omitted.)  A complaint that fails to state the specific acts of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

3.      Pretrial Detainee Medical Deliberate Indifference Claim

Pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause. The Ninth Circuit Court of Appeals has held that a pretrial detainee's claim of medical deliberate indifference must be evaluated under the following objective standard:

> [W]e hold that claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard.  Based thereon, the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.  The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. Thus, the plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard.

Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (citations and internal punctuation marks omitted), cert. denied sub nom. County of Orange, Cal. v. Gordon, 139 S. Ct. 794 (2019).

7

In an amended complaint, in order to state a cognizable medical deliberate indifference claim, plaintiff must specifically and plausibly "link" these legal standards with the challenged conduct of defendant Gonzalez or Galliger or another appropriate defendant.

### IV. Leave to File a First Amended Complaint

For the foregoing reasons, the instant complaint will be dismissed. Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable federal claim subject to the standards set forth above. The FAC must be on the form provided, labeled "First Amended Complaint," and provide the case number assigned to this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### V. Motion for Discovery

Plaintiff requests issuance of a subpoena to "the Jail medical services for the schedule of inmates seen on July 19, 2018." ECF No. 7. Plaintiff's request is premature, because it is not yet clear that this case will proceed. Plaintiff's motion will be denied without prejudice on that basis.

### VI. Summary for Pro Se Litigant

You have been granted in forma pauperis status to proceed with this action. You will pay the filing fee over time, with periodic deductions from your jail trust account.

The court has screened your complaint and found that it states no cognizable claim against any defendant, and that you did not exhaust your administrative remedies. The complaint has been dismissed for these reasons. However, you have been granted leave to file an amended complaint within thirty (30) days, in which you may try to state a cognizable claim for deliberate indifference to your serious medical needs. Any named defendant should be a specifically identified person (not an entity and not a Doe defendant) who was deliberately indifferent to your serious medical needs. Your factual allegations should identify the dates and specific actions or failures to act of each defendant.

Your amended complaint must also more fully explain why you did not exhaust your

administrative remedies before filing this action.  You will only be able to proceed with this lawsuit if you can demonstrate that administrative remedies were not effectively available to you.

VII.    Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis, ECF No. 10, is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's original complaint, ECF No. 1, is dismissed in its entirety with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein.  Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4.  Plaintiff's motion for discovery, ECF No. 7, is denied without prejudice as premature.

5.  The Clerk of Court is directed to: (1) randomly assign a district judge to this action, and (2) send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

Additionally, for the reasons set forth herein, IT IS HEREBY RECOMMENDED that:

1.  Defendants Sacramento County District Attorney Anne Marie Shubert, Sacramento County Deputy District Attorney Kelly Clark, Sacramento County Sheriff Scott Jones, the Sacramento County Sheriff's Department, the Sacramento County Sheriff's Department Correctional Health Services (CHS), and putative defendant Sacramento County, be dismissed from this action without leave to amend; and

2.  Defendants "Does 1-25 Inclusive" be dismissed from this action with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written

9

objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE